# Exhibit A

# Eighth Judicial District Court Clark County, Nevada Summons & Complaint Case No. A-21-843763-C

```
 1  SUMM
    DENNIS M. PRINCE
 2  Nevada Bar No. 5092
    ANDREW R. BROWN
 3  Nevada Bar No. 15785
 4  PRINCE LAW GROUP
    10801 W. Charleston Blvd., Suite 560
 5  Las Vegas, Nevada 89135
    Tel: (702) 534-7600
 6  Fax: (702) 534-7601
 7  Email: eservice@thedplg.com
    -And-
 8  CHAD M. GOLIGHTLY
 9  Nevada Bar No. 5331
    LAW OFFICE OF CHAD M. GOLIGHTLY, LTD.
10  8560 S. Eastern Ave., Suite 240
    Las Vegas, NV 89123
11  Tel: (702) 222-3333
12  Fax: (702) 598-1931
    Email: admin@chadgolightly.com
13  Attorneys for Plaintiff
```

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| MANICHANH SITIVONG, | Case No. A-21-843763-C |
| | Dept. No. XV |
| Plaintiff, | |
| Vs. | |
| JAE CARLTON BEASLEY, individually; DOES I through X, inclusive; ROE BUSINESS ENTITIES, I through X, inclusive; | **SUMMONS** |
| Defendants. | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**
TO THE DEFENDANT(S):

1



A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### JAE CARLTON BEASLEY

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

DATED this 9th day of November, 2021.

Respectfully Submitted,

**PRINCE LAW GROUP**

/s/ DENNIS M. PRINCE

DENNIS M. PRINCE
Nevada Bar No. 5092
ANDREW R. BROWN
Nevada Bar No. 15875
10801 W. Charleston Blvd., Suite 560
Las Vegas, Nevada 89135
Attorneys for Plaintiff

STEVEN D. GRIERSON
CLERK OF THE COURT

11/12/2021

DEPUTY CLERK   Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155
Robyn Rodriguez

2



1  COMPJD
DENNIS M. PRINCE
2  Nevada Bar No. 5092
ANDREW R. BROWN
3  Nevada Bar. No. 15785
PRINCE LAW GROUP
4  10801 W. Charleston Blvd., Suite 560
5  Las Vegas, NV 89148
Tel: (702) 534-7600
6  Fax: (702) 534-7601
7  Email: eservice@thedplg.com
-And-
8  CHAD M. GOLIGHTLY
9  Nevada Bar No. 5331
LAW OFFICE OF CHAD M. GOLIGHTLY, LTD.
10  8560 S. Eastern Ave., Suite 240
Las Vegas, NV 89123
11  Tel: (702) 222-3333
12  Fax: (702) 598-1931
Email: admin@chadgolightly.com
13  Attorneys for Plaintiff

CASE NO: A-21-843763-C
Department 15

14
DISTRICT COURT
15
CLARK COUNTY, NEVADA
16

17  MANICHANH SITIVONG,                        Case No.
                                                Dept. No.
18            Plaintiff,

19  Vs.                                         **COMPLAINT**

20  JAE CARLTON BEASLEY, individually;          **JURY DEMAND**
21  DOES I through X, inclusive; ROE BUSINESS
    ENTITIES, I through X, inclusive;
22
23            Defendants.

24
        Plaintiff MANICHANH SITIVONG, by and through her attorneys of record
25
Dennis M. Prince and Andrew R. Brown of PRINCE LAW GROUP, and Chad M.
26
Golightly of LAW OFFICE OF CHAD M. GOLIGHTLY, LTD., for her Complaint against
27
Defendant, hereby alleges and complains as follows:
28
                                Page 1 of 8



I.

## THE PARTIES

1. At all times material hereto, Plaintiff MANICHANH SITIVONG ("Plaintiff") was a resident of the County of Clark, State of Nevada.

2. Based upon information and belief, at all material times hereto, Defendant JAE CARLTON BEASLEY ("Defendant") was a resident of the County of Clark, State of Nevada.

3. The true names and capacities, whether individual, corporate, associate, partnership, or otherwise, of Defendants DOES I through X, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that each of the Defendants designated herein as DOES I through X, inclusive, are responsible in some manner for the events and happenings referred to herein, and in some manner, caused the injuries and damages to Plaintiff as alleged herein. Based upon information and belief, DOES I through X, inclusive, caused or contributed to the negligent acts/or omissions regarding the motor vehicle collision which resulted in Plaintiff's injuries. Plaintiff will ask leave of this Court to amend his Complaint to assert the true names and capacities of said Defendants DOES I through X, inclusive, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendants in this action.

4. The true names and capacities, whether individual, corporate, associate, partnership, or otherwise, of Defendants ROE BUSINESS ENTITIES I through X, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that each of the Defendants designated herein as ROE BUSINESS ENTITIES I through X, inclusive, are responsible in some manner for the events and happenings referred to herein, and in some manner, caused the injuries and damages to Plaintiff as alleged herein. Based

upon information and belief, ROE BUSINESS ENTITIES, I through X, inclusive, caused or contributed to the negligent acts and omissions regarding the motor vehicle collision that resulted in Plaintiff's injuries. Plaintiff will ask leave of this Court to amend his Complaint to assert the true names and capacities of said Defendants ROE BUSINESS ENTITIES I through X, inclusive, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendants in this action.

5. Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is meant that such Defendant's officers, agents, servants, employees, or representatives did such act or thing and at the time such act or thing was done, it was done with the full authorization or ratification of such Defendant or was done in the normal and routine course and scope of business, or with the actual, apparent, and/or implied authority of such Defendant's officers, agents, servants, employees, or representatives. Specifically, Defendants are liable for the actions of their officers, agents, servants, employees, and representatives.

6. All of the Defendants named herein are jointly and severally liable for Plaintiff's damages.

7. Plaintiff is informed and believes, and therefore alleges, that Defendants, and each of them, jointly and in concert undertook to perform the acts as alleged herein, that Defendants and each of them had full knowledge of the acts of each co-Defendant as alleged herein, and that each Defendant authorized or subsequently ratified the acts of each co-Defendant as alleged herein, making each co-Defendant an agent of the other Defendants and making each Defendant jointly responsible and liable for the acts and omissions of each co-Defendant as alleged herein.

II.

**JURISDICTION AND VENUE**

8. This is an action for damages in excess of fifteen thousand dollars ($15,000.00), exclusive of costs, interest, and attorneys' fees.

9. Venue is proper in this Court because the incident giving rise to this lawsuit occurred in Clark County, Nevada.

### III.

### FACTUAL ALLEGATIONS

10. This lawsuit arises from a motor vehicle collision that occurred near the intersection of North Rainbow Boulevard and West Lake Mead Boulevard on or about November 18, 2019.

11. At all material times hereto, Plaintiff was driving a 2009 BMW 3 Series sedan, which was registered in her name.

11. At all material times hereto, Defendant was driving a 2011 Ford Taurus SE sedan, which was registered and owned by non-party Anna Davis.

12. On or about November 18, 2019, Plaintiff was stopped at a red light on a private drive intersecting West Lake Mead Boulevard, east of North Rainbow Boulevard. Plaintiff was in travel lane one of one.

13. On or about November 18, 2019, Defendant was traveling westbound on West Lake Mead Boulevard, east of North Rainbow Boulevard. Defendant was in travel lane one of three.

14. When the light turned green, Plaintiff began turning left onto West Lake Mead Boulevard, traveling at approximately 5 miles per hour.

15. While Plaintiff was in the intersection, Defendant ran through a red light, traveling approximately 40 miles per hour, and struck the front right bumper of Plaintiff's vehicle.

16. Plaintiff was wearing her seatbelt at the time of the collision.

17. When the police arrived at the scene, Defendant told the responding officer that he did not realize there was a traffic light at the intersection.

1    18.    As a result of this collision, Plaintiff's vehicle was deemed a total loss.

2    20.    As a result of this collision, Plaintiff suffered severe injuries that have and will continue to negatively impact her life.

## FIRST CAUSE OF ACTION

### Negligence

21.    Plaintiff incorporates by reference each and every allegation previously made in this Complaint as though fully set forth herein.

22.    At all material times hereto, Defendant owed Plaintiff a duty to operate his vehicle in a safe, reasonable, and prudent manner.

23.    On or about November 18, 2019, Defendant breached this duty of care by operating his vehicle in a negligent and careless manner which caused his vehicle to collide with the front of Plaintiff's vehicle.

24.    On or about November 18, 2019, Defendant breached his duty of care by running through a red light and causing his vehicle to collide with the front of Plaintiff's vehicle.

25.    As a direct and proximate result of Defendant's negligence, Plaintiff sustained personal injuries, all or some of which may be permanent and disabling, and all to Plaintiff's damage in an amount in excess of fifteen thousand dollars ($15,000.00).

26.    As a direct and proximate result of Defendant's negligence, Plaintiff is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, and all to Plaintiff's damage in an amount in excess of fifteen thousand dollars ($15,000.00).

27.    As a direct and proximate result of Defendant's negligence, Plaintiff has sustained a loss of earning capacity, past and future, as well as a loss of wages.

28.    As a direct and proximate result of Defendant's negligence, Plaintiff received extensive medical and other treatment for the aforementioned injuries, and

such services, care, and treatments are continuing and shall continue in the future, all to the damage of Plaintiff in an amount in excess of fifteen thousand dollars ($15,000.00).

29. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered a loss of past and future household services in an amount to be proven at trial.

30. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered limitations in her ability to participate in recreational actives, which have caused and will continue to cause him physical impairment, mental anguish, and loss of enjoyment of life in an amount to be proven at trial.

31. Plaintiff has been forced to retain an attorney to represent her in this action and, therefore, is entitled to reasonable attorney's fees and litigation costs.

## SECOND CAUSE OF ACTION
### Negligence Per Se

32. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as though fully set forth herein.

33. At all material times hereto, there were in force statutes, ordinances, codes, and regulations prohibiting Defendant's conduct.

34. Plaintiff sustained injuries that were of the type that these statutes, ordinances, codes, and regulations were intended to prevent.

35. Plaintiff is a member of the class of people for whose protection these statutes, ordinances, codes, and/or regulations were enacted or promulgated.

36. Defendant violated said statutes, ordinances, codes, and/or regulations by operating his vehicle in a careless manner, thereby causing the damages Plaintiff sustained. Defendant is therefore negligent per se.

37. As a direct and proximate result of Defendant's negligence, Plaintiff sustained personal injuries, all or some of which may be permanent and disabling, and all to Plaintiff's damage in an amount in excess of fifteen thousand dollars ($15,000.00).

38.     As a direct and proximate result of Defendant's negligence, Plaintiff is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, and all to Plaintiff's damage in an amount in excess of fifteen thousand dollars ($15,000.00).

39.     As a direct and proximate result of Defendant's negligence, Plaintiff has sustained a loss of earning capacity, past and future, as well as a loss of wages.

40.     As a direct and proximate result of Defendant's negligence, Plaintiff received extensive medical and other treatment for the aforementioned injuries, and such services, care, and treatments are continuing and shall continue in the future, all to the damage of Plaintiff in an amount in excess of fifteen thousand dollars ($15,000.00).

41.     As a direct and proximate result of Defendant's negligence, Plaintiff has suffered a loss of past and future household services in an amount to be proven at trial.

42.     As a direct and proximate result of Defendant's negligence, Plaintiff has suffered limitations in her ability to participate in recreational actives, which have caused and will continue to cause him physical impairment, mental anguish, and loss of enjoyment of life in an amount to be proven at trial.

43.     Plaintiff has been forced to retain an attorney to represent her in this action and, therefore, is entitled to reasonable attorney's fees and litigation costs.

//
//
//
//
//
//
//
//
//



## III.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Manichanh Sitivong prays for judgment against Defendant as follows:

1. General damages for a sum in excess of $15,000.00;
2. Special damages for a sum in excess of $15,000.00;
3. Punitive damages for a sum in excess of $15,000.00;
4. Attorneys' fees, costs of suit, as well as pre-judgment and post-judgment interest incurred herein; and
5. Such other and further relief this Court deems just and proper.

DATED this 5th day November, 2021.

PRINCE LAW GROUP

/s/ Andrew R. Brown

_____

DENNIS M. PRINCE
Nevada Bar No. 5092
ANDREW R. BROWN
Nevada Bar No. 15875
**PRINCE LAW GROUP**
10801 W. Charleston Blvd., Suite 560
Las Vegas, NV 89148
-And-
CHAD M. GOLIGHTLY
Nevada Bar No. 5331
**LAW OFFICE OF CHAD M. GOLIGHTLY, LTD.**
8560 S. Eastern Ave., Suite 240
Las Vegas, NV 89123
Attorneys for Plaintiff
*Manichanh Sitivong*

