# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MANICHANH SITIVONG,<br><br>          Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant | Case No.: 2:22-cv-00169-APG-DJA<br><br>**Order Denying Plaintiff's Motion for Partial Summary Judgment**<br><br>[ECF No. 66] |

    Plaintiff Manichanh Sitivong sues the United States under the Federal Tort Claims Act (FTCA) for injuries she sustained when her car collided with a car driven by a Federal Bureau of Investigation (FBI) agent. As required by the FTCA, she filed an initial administrative claim with the FBI on January 28, 2020, seeking $199,000. ECF No. 66-3. On March 29, 2021, Sitivong amended her claim amount to $500,000 to account for knee surgery allegedly stemming from her crash injuries. ECF No. 66-5. Her claim did not resolve through the administrative process, so Sitivong filed this suit on November 5, 2021. ECF No. 1-2 at 4. Sitivong now moves for partial summary judgment to allow her to recover more than the FTCA damages cap, which otherwise limits her recovery to the amount in her administrative claim. ECF No. 66. Her motion is based on treatment for injuries to her back that were beyond what was accounted for in her administrative claim. *Id.* at 3-5.

    Sitivong first sought care for her back injuries the day after the collision. ECF No. 66-11 at 6-7. After years of conservative treatment, her doctor referred her to a surgeon for her back on June 8, 2021. ECF No. 66-14 at 3. Sitivong has since elected to undergo either placement of a percutaneous spinal cord stimulator or a spinal fusion. ECF Nos. 66-22 at 25, 29; 66-25 at 3. Sitivong claims that these procedures are intervening facts not reasonably foreseeable when she

filed her amended administrative claim. The United States argues that surgery was reasonably foreseeable. Because there is a genuine dispute about this material fact, I deny her motion without prejudice to litigating the issue at trial.

**Discussion**

Summary judgement is appropriate when the pleadings, the discovery and disclosure materials, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotation omitted). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quotation omitted).

Before suing the United States under the FTCA, a plaintiff must first file an administrative claim with the relevant federal agency. 28 U.S.C. § 2675(a). If the administrative claim fails to resolve the case, the plaintiff is limited to suing for the amount in the administrative claim unless she meets one of two exceptions: (1) "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency;" or (2) "upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). Both exceptions turn on whether the expenses or injuries were "reasonably foreseeable at the time the original claim was filed." *Richardson v.*

*United States*, 841 F.2d 993, 999 (9th Cir. 1988), *as amended by* 860 F.2d 357 (9th Cir. 1988). Worsening diagnoses that are cumulative or confirmatory of what the plaintiff has already been told are reasonably foreseeable. *Kielwien v. United States*, 540 F.2d 676, 680 (4th Cir. 1976). But courts will not charge a plaintiff with knowing things their medical providers cannot tell them. *Fraysier v. United States*, 766 F.2d 478, 481 (11th Cir. 1985). An outcome that is conceivable is not necessarily reasonably foreseeable if it is very unlikely. *See Michels v. United States*, 31 F.3d 686, 687-88 (8th Cir. 1994) (concluding that known possible injuries developed much sooner and more severely than a doctor had predicted supported a finding of intervening facts). But "when filing a claim, a plaintiff is on fair notice of all present information, including his or her own symptoms as well as the providers' advice, prognoses, and recommendations." *Resnansky v. United States*, No. 13-cv-05133-DMR, 2015 WL 1968606, at *6 (N.D. Cal. May 1, 2015) (summarizing cases). The plaintiff bears the burden of establishing that one of the exceptions applies. *Kielwien*, 540 F.2d at 680.

Sitivong argues that it was not reasonably foreseeable that her back pain would eventually need surgery, making her eventual referral to a surgeon and the invasive procedures he recommended intervening facts. The United States responds that Sitivong's extensive nonsurgical treatment prior to her amended administrative claim made the surgery reasonably foreseeable and that she should have amended her claim again before suing.

Although claimants "may" amend their administrative claim prior to final agency action or filing suit, they are not required to do so, and making an amendment resets the six-month period for the agency to adjudicate the amended claim. 28 C.F.R. § 14.2(c). Other courts have rejected similar arguments imposing a requirement to file an amended administrative claim prior to suing under the FTCA. *See Madrigal v. United States*, No. CV 19-5041-RSWL-PLAx, 2021

WL 1627485, at *4 (C.D. Cal. Apr. 27, 2021).  The United States concedes that Sitivong amended her claim on March 29, 2021, increasing the sum to $500,000. ECF No. 72 at 2 n.1.  That date is therefore the moment for which Sitivong must prove that her surgery costs were not reasonably foreseeable. *Richardson*, 841 F.2d at 999.

Based on the medical records provided, reasonable minds could differ as to whether the prior evaluations and treatments made the eventual surgery reasonably foreseeable as of March 29, 2021. *See e.g.*, ECF No. 66-14 at 3 (first documented referral to surgeon for back pain made on June 8, 2021).  But a report by Sitivong's surgeon notes that her initial examination showing "positive straight leg raise would be most consistent with a discogenic injury to the lumbar spine," and, regarding her initial MRI, "it is well recognized that patients can sustain traumatic discogenic and/or facet injuries necessitating extended conservative care and invasive medical intervention without an acute anatomic finding of abnormality." ECF No. 66-24 at 29-30.  Sitivong acknowledges in her motion, "the potential risk of surgery may have existed" when she filed the amended claim, "[h]owever, there was no formal recommendation for surgery." ECF No. 66 at 23.  Further evidence will determine whether the risk was not only possible, but reasonably foreseeable based on Sitivong's symptoms as well as her providers' advice, prognoses, and recommendations.

Even if Sitivong can establish that some subsequent back procedures were not reasonably foreseeable, she may recover above the damage cap only to the extent the increased amount is attributable to the intervening facts. *Resnansky*, 2015 WL 1968606 at *10.  She will have to establish at trial that those intervening facts support an award in excess of what she stated in her amended FTCA claim. *Id.*  Because this will be a bench trial, I can most efficiently determine these facts during the presentation of the other evidence in this case.  For now, there are genuine

disputes over material facts, so I deny Sitivong's motion for summary judgment without prejudice to litigating the issues at trial.

**Conclusion**

I THEREFORE ORDER that plaintiff Sitivong's motion for partial summary judgment **[ECF No. 66] is DENIED**.

DATED this 5th day of September, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE