JASON FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

R. THOMAS COLONNA
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Richard.colonna@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Manichanh Sitivong,<br><br>      Plaintiff,<br><br>    v.<br><br>United States of America; DOES I through X, inclusive; ROE BUSINESS ENTITIES, I through X, inclusive,<br><br>      Defendants. | Case No. 2:22-cv-00169-APG-DJA<br><br>**Stipulation to Vacate Settlement Conference** |

      This matter has been ordered for a Settlement Conference on February 18, 2025. ECF No. 90. This matter has previously had an Early Neutral Evaluation session held on October 27, 2023, in front of Judge Brenda Weksler. Presentations were made by both parties and offers and counteroffers were exchanged. A settlement was not reached. Since that time, this case has passed to a couple separate attorneys after the unfortunate passing of Dennis Prince. The parties in this matter remain too far apart for a settlement conference to be productive and are ready to proceed to trial. Further, the United States believes the evidence does not support the damages award that Plaintiff is claiming and has informed counsel of its determination so as not to violate Fed. R. Civ. P. 16(f)(1). *See Travelers Prop. Cas. Co. of Am. v. Las Vegas Twp. Constables Off.*, No. 2:12-cv-01922-JCM-VCF, 2013 WL

3975664 (D. Nev. Aug. 1, 2013), No. 2:12-cv-01922-JCM-VCF (D. Nev. 2013). The United States has no interest in wasting Plaintiff's time nor the Court's time.

  Settlement of cases prior to the filing of dispositive motions and trial briefs benefits the court and the parties by securing just, speedy, and inexpensive determinations consistent with Rule 1. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485 (D. Ariz. 2003). Federal Rule of Civil Procedure 16 authorizes the courts to conduct pretrial settlement conferences. Fed. R. Civ. P. 16(a)(5); *see also Okonkwo v. Glendale Union High Sch. Dist.*, No. CV-08-0633-PHX-MHM, 2009 WL 536568 (D. Ariz. Mar. 4, 2009). "The purpose of a settlement conference is to facilitate a settlement or to narrow the disparity between the parties by the candid input of a neutral, disinterested judicial officer." *Pitman*, 216 F.R.D. at 485. Although parties cannot be compelled to settle a case, a court may issue any just order, including an order requiring the payment of reasonable expenses and attorney fees, "if a party or its attorney . . . is substantially unprepared to participate – or does not participate in good faith" in a settlement conference. Fed. R. Civ. P. 16(f). Rule 16 "was not designed as a means for clubbing the parties – or one of them – into involuntary compromise" and it is unreasonable for a court to force parties or their counsel and representatives to incur unnecessary attorney fees and travel expenses to participate in a settlement conference knowing in advance the settlement conference will be futile. *See, e.g., Best W. Int'l, Inc. v. Melb. Hotel Invs., L.L.C.*, No. CV-06-2276-PHX-MHM, 2008 WL 2945513 (D. Ariz. July 25, 2008). "The same rationale applies when the parties agree to participate in a settlement conference knowing in advance the settlement conference will be futile." *Melancon v. Harrah's Entertainment, Inc.*, 2010 WL 116369687, 2:08-cv-00212-RCJ-RJJ (D. Nev. 2010).

  Respectfully, if the Court were to schedule a settlement conference, the United States and Plaintiff would of course show up and participate but their positions and how they value the case would not change. *See Sherwin v. Infinity Auto Ins. Co.*, 2013 WL 1182204, No. 2:11-cv-0043-MMD-GWF (D. Nev. 2013); *see also A.T. Reynolds & Sons, Inc.*, 452 B.R. 374, 382 (S.D.N.Y. 2011) ("It is well-settled that a court cannot force a party to

2

settle, nor may it invoke 'pressure tactics' designed to coerce a settlement."); *see also Acquisto v. Manitowoc Fsg Operations*, No. 11-CV-00803(A)(M), 2012 WL 4722028, at *3 (W.D.N.Y. Aug. 1, 2012) ("[A]lthough a court may require parties to appear for a settlement conference, (citation omitted) it may not coerce a party into making an offer to settle.")

 The parties hereby stipulate and agree that the scheduled settlement conference scheduled for February 18, 2025, be vacated.

 Respectfully submitted this 16th day of January 2025.

| | |
|---|---|
| GOLIGHTLY & THE702FIRM, PLLC | JASON FRIERSON<br>United States Attorney |
| */s/ Mike Kane*<br>MICHAEL C. KANE<br>Nevada Bar No. 10096<br>BRADLEY J. MYERS<br>Nevada Bar No. 8857<br>THOMAS N. BECKOM<br>Nevada Bar No. 12554<br>8335 W. Flamingo Road<br>Las Vegas, NV 89147<br>*Attorneys for Plaintiff* | */s/ R. Thomas Colonna*<br>R. THOMAS COLONNA<br>Assistant United States Attorney<br>*Attorneys for the United States* |

**IT IS SO ORDERED.**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: January 17, 2025