# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MANICHANH SITIVONG, | Case No.: 2:22-cv-00169-APG-DJA |
| Plaintiff | **Order Granting in Part Plaintiff's Motion to Exclude the Report and Testimony of Keith Stolworthy, Ph.D** |
| v. | |
| UNITED STATES OF AMERICA, | [ECF No. 101] |
| Defendant | |

Manichanh Sitivong sued the United States under the Federal Tort Claims Act (FTCA) for injuries she sustained when her car collided with a car driven by a Federal Bureau of Investigation agent.  Sitivong moves to exclude the government's biomechanical engineering expert, Keith Stolworthy, Ph.D, P.E.  Sitivong argues that Dr. Stolworthy's report (1) incorrectly assumed that Sitivong experienced only frontal forces and not lateral or rotational forces, (2) was insufficiently based on photographs and repair bills for Sitivong's vehicle, (3) improperly opined on the medical causes of Sitivong's injuries, (4) relied on volunteer crash safety tests that are disconnected from the conditions of Sitivong's collision, and (5) relied on a misleading daily activities chart.

A qualified expert may testify if the proponent establishes that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Further, an expert's report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).

I consider several factors when evaluating whether to admit expert testimony under Federal Rule of Evidence 702, including:

> whether the theory or technique employed by the expert is generally accepted in the scientific community; whether it's been subjected to peer review and publication; whether it can be and has been tested; and whether the known or potential rate of error is acceptable.

*Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) (on remand) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94 (1993)).  These factors are not exhaustive, vary in applicability depending on the case, and are meant to determine whether the expert's analysis "falls within the range of accepted standards governing how scientists conduct their research and reach their conclusions." *Id.* at 1317.

Sitivong contends Dr. Stolworthy's report "never explains" why he concluded that her vehicle "experienced virtually no left-right or clockwise rotation during the impact." ECF No. 101 at 8.  The government responds that Sitivong mischaracterizes Dr. Stolworthy's conclusion and that he determined the collision was "primarily frontal" with "negligible left-to-right and clockwise rotation motions." ECF No. 104 at 3; *see also* ECF No. 101-1 at 21.

Dr. Stolworthy performed a crush-based analysis to determine the vehicle dynamics of the collision, specifically the "rearward-directed change in speed (delta-V)" of Sitivong's vehicle. ECF No. 101-1 at 14.  After estimating the size of the damage to Sitivong's vehicle, he "appl[ied] well-accepted formulas in the field of vehicle accident reconstruction" to determine that the delta-V of Sitivong's vehicle was "less than 7.5 mph." *Id.*  Dr. Stolworthy did not state what formulas he applied, how he applied them, or what the potential error rate was for this

2

calculation.  He claimed the formulas are "well-accepted" in the field of vehicle accident reconstruction, but he did not cite tests, studies, or peer-reviewed publications.  As it stands, Dr. Stolworthy's delta-V calculation using the crush analysis is a black box that does not allow for determination of whether it falls within the range of accepted standards governing how scientists reach their conclusions.

Dr. Stolworthy used other methods to calculate delta-V, including National Automotive Sampling System-Crashworthiness Data System, Crash Investigation Sampling System, and Insurance Institute for Highway Safety analyses. *Id.* at 13-14.  However, these analyses provided only an upper limit or approximation of delta-V.  The only other method Dr. Stolworthy used to calculate a specific delta-V value is a kinematics analysis. *See id.* at 15.  He calculated Sitivong's speed at the time of the collision to be "no more than 14 mph." *Id.*  He then stated, "[t]he closing speed between the two vehicles was no more than 13 mph," Sitivong "experienced an acceleration of less than 4 G's," and Sitivong's delta-V was "less than 7 mph." *Id.* Dr. Stolworthy did not state whether these values were assumptions and, if so, what they were based on.  Nor did he specify whether he calculated these values and, if so, what formulas he used.  I am unable to determine what facts or data Dr. Stolworthy relied on, what principles and methods he used, or whether his "Vehicle Speed from Stopped Position" technique is generally accepted in the scientific community. *See id.*

Dr. Stolworthy relied on his delta-V calculation throughout the rest of his report. *See id.* at 15-21.  Because I cannot determine how Dr. Stolworthy calculated delta-V, his report is unreliable.  However, the problems appear curable, so I will give the government an opportunity to supplement Dr. Stolworthy's report if he can provide the basis for his delta-V calculation. Sitivong's remaining challenges to Dr. Stolworthy's report are denied without prejudice.

I THEREFORE ORDER that Manichanh Sitivong's motion to exclude the report and testimony of Keith Stolworthy, Ph.D **(ECF No. 101) is GRANTED in part.**

I FURTHER ORDER the United States to file a supplement to Dr. Stolworthy's expert report addressing the issues outlined in this order **by Thursday, May 7, 2026, at 12 p.m**. **PDT.** If no supplement is provided, Dr. Stolworthy's report and testimony will be excluded.

I FURTHER ORDER that, if Dr. Stolworthy supplements his report, the parties must appear for an evidentiary hearing to give Sitivong an opportunity to question Dr. Stolworthy about his supplement on **Monday, May 11, 2026, at 2:00 p.m. PDT** in the Lloyd D. George Federal Courthouse, 333 S. Las Vegas Blvd., Las Vegas, NV, Courtroom 6C.

DATED this 1st day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE